UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Ave., N.W.<br>Suite 200<br>Washington, DC 20009<br><br>   **Plaintiff,**<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>Washington, DC 20530<br><br>   **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No._____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2013), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the Federal Bureau of Investigation ("FBI").

2. This lawsuit challenges the failure of the FBI to disclose documents in response to two EPIC Freedom of Information Act requests, one on September 20, 2012 and one on September 21, 2012. EPIC's FOIA Requests sought agency records related to the FBI's "Next Generation Identification" ("NGI") program, including contracts with commercial entities and technical specifications. Defendant has failed to comply with statutory deadlines, has failed to grant expedited review of EPIC's FOIA Requests, and has failed to disclose a single record. EPIC asks the Court to order immediate disclosure of all responsive records and to provide other appropriate relief as it may determine.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(C)(i) (2013). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2013). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) (2013).

### Parties

4. Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's conducts oversight of Government activities and policies and analyzes their impact on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a popular Internet site, http://www.epic.org, which contains extensive information on current privacy issues, including documents obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public through its website and other media outlets. This court found that EPIC is a representative of the news media in *EPIC v. Dep't of Defense*, 241 F. Supp. 2d. 5 (D.D.C. 2003).

5. Defendant FBI is a component of the U.S. Department of Justice ("DOJ"). DOJ is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI is headquartered in Washington, D.C. and has field offices throughout the country.

### Facts
### The FBI NGI Program

6. In a January 26, 2009 posting on the FBI's website, the agency described a biometric identification database program called "Next Generation Identification" ("NGI").

7. When completed, the NGI system will be the largest biometric database in the

world.

8. The vast majority of records contained in the NGI database will be of US citizens.

9. The NGI biometric identifiers will include fingerprints, iris scans, DNA profiles, voice identification profiles, palm prints, and photographs.

10. The NGI system will include facial recognition capabilities.

11. The NGI database will include photographic images of millions of individuals who are neither criminals nor suspects.

12. The NGI database will include the biometric identifiers of millions of individuals who are neither criminals nor suspects.

13. The NGI database will include images of individuals who were unaware that their images and other biometric identifiers were captured.

14. The NGI system could be integrated with other surveillance technology, such as Trapwire, that would enable real-time image-matching of live feeds from CCTV surveillance cameras.

15. The NGI database may include photographic images provided by individuals to state agencies for the purpose of obtaining a drivers license.

16. The Department of Homeland Security has expended hundreds of millions of dollars to establish state and local surveillance systems, including CCTV cameras that record the routine activities of millions of individuals.

17. There are an estimated 30 million surveillance cameras in the United States.

18. The NGI will be integrated with CCTV cameras operated by public agencies and private entities.

19. The NGI database will be used for non law enforcement purposes.

20. The NGI database will be available to law enforcement agencies at the local, state, and federal level.

21. The NGI databases will be available to private entities, unrelated to a law enforcement agency.

22. The existence of the NGI program is public and described on the FBI's website.

23. The NGI database will enable the identification of individuals in public settings, whether or not the police have made the necessary legal showing to compel the disclosure of identification documents.

24. The NGI database will enable the identification of individuals in photographic images, whether or not the police have made the necessary legal showing to obtain the actual identity of the individuals contained in the images.

25. The New York City Police Department began scanning irises of arrestees in 2010.

26. The Mobile Offender Recognition and Information System ("MORIS"), a handheld device, allows officers patrolling the streets to scan the irises and faces of individuals and match them against biometric databases.

27. Children in several school districts are now required to provide biometric identifiers, such as palm prints, and are also subject to vein recognition scans.

28. Clear, a private company offering identity services based on biometric identifiers, attempted to sell the biometric database of its users after its parent company, Verified Identity Pass, declared bankruptcy. The transfer of the biometric database was blocked by a federal district court judge.

29. There is a substantial risk that personally identifiable information could be lost or misused as a result of the creation of the NGI.

30. Among the private contractors involved in the deployment of NGI are Lockheed Martin, IBM, Accenture, BAE Systems Information Technology, Global Science & Technology ("GST"), Innovative Management & Technology Services ("IMTS"), and Platinum Solutions.

31. Arizona, Hawaii, Kansas, Maryland, Michigan, Missouri, Nebraska, New Mexico, Ohio, South Carolina, and Tennessee are actively participating in the NGI program.

32. The FBI is pursuing an aggressive deployment of the NGI program.

### EPIC Submitted Two FOIA Requests to the FBI Regarding the NGI Program

33. Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34. On September 20, 2012, EPIC transmitted, via facsimile, its first FOIA request to the FBI for agency records ("EPIC's First FOIA Request").

35. EPIC's First FOIA Request asked for the following agency records:

   a. All contracts between the FBI and Lockheed Martin, IBM, Accenture, BAE Systems Information Technology, Global Science & Technology, Innovative Management & Technology Services, Platinum Solutions, the National Center for State Courts, or other entities concerning the NGI.

36. On September 21, 2012, EPIC transmitted via facsimile another FOIA request to the FBI for agency records ("EPIC's Second FOIA Request").

37. EPIC's Second FOIA Request asked for the following agency records:

   a. All technical specifications documents and/or statements of work relating to the FBI's development, implementation, and use of technology related to NGI.

38. In both of its FOIA requests, EPIC asked the FBI to expedite its response to EPIC's FOIA requests because EPIC is primarily engaged in disseminating information and the requests pertained to a matter about which there was an urgency to inform the public about an actual or alleged federal government activity. EPIC made this request pursuant to 5 U.S.C. §

552(a)(6)(E)(v)(II). EPIC based the request on the need for the public to obtain information about the NGI program. EPIC cited extensive news coverage of the NGI program and the fact that aggregating these voluminous biometric data has profound privacy implications for U.S. persons.

39. In both of its FOIA requests, EPIC also requested "News Media" fee status under the Freedom of Information Act, based on its status as a "representative of the news media."

40. EPIC further requested waiver of all duplication fees because disclosure of the records requested in EPIC's FOIA requests will contribute significantly to public understanding of the operations and activities of the Government.

### The FBI Failed to Make a Timely Determination Regarding EPIC's FOIA Requests

41. Paragraphs 1-40 above are hereby incorporated by reference as if set forth fully herein.

42. On September 26, 2012, the FBI acknowledged receipt of EPIC's First FOIA Request. The agency made no determination regarding the substance of EPIC's document request, EPIC's request for expedited processing, or EPIC's request for news media fee status and fee waiver.

43. The FBI assigned EPIC's First FOIA Request the file number 1199133.

44. On October 3, 2012, the FBI rejected EPIC's request for expedited processing of the First FOIA Request.

45. On September 26, 2012, the FBI acknowledged EPIC's Second FOIA Request. The agency made no determination regarding the substance of EPIC's document request, EPIC's request for expedited processing, or EPIC's request for news media fee status and fee waiver.

46. The FBI assigned EPIC's Second FOIA Request the file number 1199125.

47. On October 3, 2012, the FBI rejected EPIC's request for expedited processing of the

Third FOIA Request.

48. On October 5, 2012, the FBI told EPIC that it had 7,380 pages of potentially responsive documents and invited EPIC to narrow the scope of EPIC's Second FOIA Request.

49. On October 15, 2012, EPIC called the FBI's FOIA office to discuss narrowing the scope of the EPIC's Second FOIA Request and EPIC's fee waiver status. The FBI's FOIA office said a FOIA Analyst would call EPIC back. Debbie Beatty returned EPIC's call and left a message inviting a return call from EPIC.

50. On October 19, 2012, EPIC spoke with Debbie Beatty at the FBI's FOIA office and discussed narrowing EPIC's Second FOIA Request and EPIC's request for a fee waiver.

51. On October 21, 2012, EPIC transmitted via facsimile a Revised Second FOIA Request that narrowed the documents sought to:

    a. All technical specifications regarding the FBI's development, implementation, and use of technology related to Next Generation Identification ("NGI") <u>in the following states: Florida, Michigan, Washington, and North Carolina</u>.

52. Through the date of this pleading, the FBI has not contacted EPIC again regarding the status of either of EPIC's two FOIA requests.

53. Through the date of this pleading, the FBI has not disclosed a single agency record in response to either of EPIC's two FOIA requests.

### EPIC Has Exhausted its Administrative Remedies

54. Paragraphs 1-53 above are hereby incorporated by reference as if set forth fully herein.

55. On November 6, 2012, EPIC appealed the rejection of expedited processing of its First FOIA Request via certified mail. EPIC also appealed the FBI's failure to respond to EPIC's

request within the twenty-day time period prescribed by 5 U.S.C. § 552(a)(6)(A)(i) (2013). EPIC renewed its request for a "news media" fee waiver.

56. On December 21, 2012, the FBI denied EPIC's appeal of its rejection of EPIC's request for expedited processing of EPIC's First FOIA Request. It assigned the appeal number AP-2013-00864. The FBI did not respond to EPIC's appeal of the FBI's failure to respond in a timely manner or to EPIC's request for a "news media" fee waiver.

57. On November 8, 2012, EPIC appealed the rejection of expedited processing of its Second FOIA Request via certified mail. EPIC also appealed the FBI's failure to respond to EPIC's request within the twenty-day time period prescribed by 5 U.S.C. § 552(a)(6)(A)(i) (2013). EPIC renewed its request for a "news media" fee waiver.

58. On December 6, 2012, the FBI denied EPIC's appeal of its rejection of EPIC's request for expedited processing of EPIC's Second FOIA Request. It assigned the appeal number AP-2013-00813. The FBI did not respond to EPIC's request for a "news media" fee waiver.

59. The FBI's denials of EPIC's appeals for each of its FOIA requests exhausts EPIC's administrative remedies.

### Count I
### Violation of FOIA: Unlawful Withholding of Agency Records

60. Paragraphs 1-59 above are hereby incorporated by reference as if set forth fully herein.

61. As described above, the FBI has failed to comply with statutory deadlines and failed to make responsive records available to EPIC.

62. As a result of the FBI's unlawful delay and failure to conduct a reasonable search, the agency has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

63. EPIC has exhausted the applicable administrative remedies with respect to EPIC's three FOIA Requests. 5 U.S.C. § 552(a)(6)(C)(i).

64. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Count II
### Violation of FOIA: Failure to Classify EPIC as a Representative of the News Media for Purposes of Assessing Processing Fees

65. Paragraphs 1-64 above are hereby incorporated by reference as if set forth fully herein.

66. As described above, the FBI has failed to make a determination regarding EPIC's request for "news media" fee status in violation of FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

67. EPIC has exhausted the applicable administrative remedies with respect to EPIC's request for "news media" fee status for its three FOIA requests. 5 U.S.C. § 552(a)(6)(C)(i).

68. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records with news media fee status and fee waiver.

### Count III
### Violation of FOIA: Failure to Comply with Statutory Deadlines

69. Paragraphs 1-68 above are hereby incorporated by reference as if set forth fully herein.

70. As described above, Defendant FBI violated FOIA by failing to make a complete determination with respect to EPIC's two FOIA requests within the twenty day time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i).

71. As described above, Defendant FBI violated FOIA by failing to make a complete determination with respect to EPIC's two FOIA appeals within the twenty day time limit set forth in

5 U.S.C. § 552(a)(6)(A)(ii).

72. EPIC has exhausted the applicable administrative remedies with respect to each of its FOIA requests and appeals.

73. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. order Defendant to conduct a reasonable search for all responsive records;

B. order Defendant to promptly disclose to plaintiff responsive agency records;

C. order Defendant to recognize Plaintiff's "news media" fee status for the purpose of EPIC's FOIA requests, waive all duplication fees, and disclose all responsive agency records without charge;

D. order Defendant to grant Plaintiff's request for expedited processing;

E. award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2010); and

F. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/
Ginger P. McCall (DC Bar #1001104)
Marc Rotenberg (DC Bar # 422825)
David Brody*
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

*Member of the bar of California. DC bar application pending.

Dated: April 8, 2013